IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JESSICA M. LEGGE, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-058-JHP
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Jessica M. Legge (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 28, 1968 and was 40 years old at the time of the ALJ's decision. Claimant completed her GED and one year of vocational education as an emergency medical technician. Claimant has no past relevant work. Claimant alleges an inability

to work beginning October 1, 2005, due to type 2 diabetes, migraine and tension headaches, hypertension, H. pylori infection, osteoarthritis, gastroesophageal reflux disease, chest pain, obesity, depression, anxiety, personality disorder with borderline and histrionic features, adjustment disorder, and PTSD.

## Procedural History

On December 6, 2005, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 27, 2008, an administrative hearing was held before ALJ Edward L. Thompson in Ardmore, Oklahoma. On August 12, 2008, the ALJ issued an unfavorable decision on Claimant's application. On December 22, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work

with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to engage in a proper step two analysis; and (2) failing to properly consider Claimant's credibility.

**Step Two Analysis**

Claimant asserts the ALJ erroneously omitted severe physical and mental impairments without adequately justifying his decision. In his decision, the ALJ determined Claimant suffered from the severe impairments of affective disorder and diabetes mellitus. (Tr. 10). The medical record is replete with references to Claimant's severe headaches. In April of 2003, Claimant reported she suffered from headaches with stress for which she took medication. (Tr. 265). Claimant was diagnosed with a history of migraine headaches and was prescribed additional medication. Id.

On April 5, 2004, Claimant sought treatment for headaches, nausea, and dizziness. Claimant had previously sought hospitalization for this condition. Claimant was treated with medication. (Tr. 259).

On May 24 and 25, 2005, Claimant sought treatment in the emergency room for headaches with photophobia. Claimant was prescribed narcotics for pain relief. (Tr. 190-91, 194-96).

5

On January 10, 2006, Claimant sought treatment on two occasions for left jaw pain with headaches. (Tr. 250-51). Beginning February 25, 2006, Claimant went to the emergency room on two occasions complaining of severe headaches with nausea and vomiting. She complained of both tension and migraine headaches. (Tr. 181-84).

On March 4, 2006, Claimant underwent a consultative physical examination performed by Dr. Baha Abu-Esheh. Dr. Abu-Esheh noted Claimant's description of her headaches as having begun when she was a teenager that stopped for a while and returned. She stated she had no aura but that the headaches start on the left side, with a dull aching pain, lasting for days, and associated with nausea, vomiting, photophobia, and phonophobia. Claimant reported having the attacks one to two times per month. She attempted to use beta blockers without success. Sometimes, Claimant required a lot of narcotics to stop her headaches. (Tr. 199). Dr. Abu-Esheh recommended that Claimant consult with a neurologist for better management of her migraines and to consider preventative medications. (Tr. 202).

On March 16, 2006, Claimant stated her headaches were better. Topomax had been recommended to treat her condition. (Tr. 248).

On October 4, 2006, Claimant again reported almost daily

6

headaches. (Tr. 239). On October 13, 2006, Claimant continued having problems with migraines and anxiety. (Tr. 238).

On January 5, 2007, Claimant underwent a consultative physical examination by Dr. William Cooper. With regard to her headaches, Dr. Cooper reported Claimant had a history of migraine cephalgia. Claimant reported her headaches began at age 12, usually requiring her to go to the emergency room for injections for pain relief. Her accompanying symptoms include nausea and vomiting, photophobia, and noise intolerance. The pain is behind Claimant's left eye and sometimes radiates to the left parietal area. Claimant told Dr. Cooper she tried Imitrex and it works well as long as it is used early upon the onset of the headaches. (Tr. 285).

In his decision, the ALJ recognized that Claimant sought treatment for recurrent migraine headaches. (Tr. 10). No other mention of her headaches occurred in the opinion, despite the the fact evidence of headaches permeates the record. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion,

7

taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider Claimant's headaches, discuss the medical evidence of the same, and explain the reason for the rejection of the condition as a severe impairment.

Claimant also contends her gastrointestinal problems also should have been discussed. The record, however, does not indicate this condition as occurring with regularity such that Claimant's suggestion that the condition would cause unexpected absences from work represents anything other than speculation. Moreover, many of the instances of vomiting and nausea appear to be symptomatic of either her headaches or her diabetes. This Court finds no error in the ALJ's consideration of this condition.

Claimant also contends her obesity was ignored by the ALJ. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a

listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id. However, speculation upon the effect of obesity is discouraged.[2] See, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

In his decision, the ALJ noted Drs. Abu-Esheh and Cooper found Claimant to be obese, weighing between 205 and 220 pounds at a height of between 5'0" and 5'2". (Tr. 10-11). The ALJ did not, however, discuss the effects of Claimant's chronic extreme obesity upon her other impairments. On remand, the ALJ shall discuss Claimant's obesity and explain the rejection of the condition.

Claimant also contends the ALJ noted her anxiety, but failed to discuss the basis for not finding the condition to be severe. She also asserts the ALJ failed to recognize the effects of her personality disorder and PTSD upon her ability to work. The ALJ

---

[2] "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

shall re-evaluate these conditions on remand and any effect they may have upon her ability to work.

## Credibility Determination

Claimant contends the ALJ failed to consider her hearing testimony in rejecting her position as incredible. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ simply regurgitated the boilerplate language often utilized in rejecting a claimant's credibility. He failed to specifically discuss the hearing testimony and the reasons for rejecting Claimant's statements of limitation. On remand, the ALJ shall discuss the basis for rejecting Claimant's specific limitations as she testified at the hearing.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of January, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE